IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOSEPH R. WALKER and DONNA WALKER                                PLAINTIFFS

v.                                              Civil Action No. 2:07cv274-KS-MTP

GEORGE KOCH SONS, INC.
and JOHN DOES 1 THROUGH 10                                        DEFENDANTS

## ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER is before the court on a Motion for Sanctions [91] filed by Defendant George Koch Sons, Inc. n/k/a Koch Enterprises, Inc. ("Koch"). The basis for the motion is plaintiffs' alleged failure to negotiate in good faith at a court-ordered settlement conference. Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, Defendant requests that the court order the travel expenses of its attorneys and insurance representative, its attorney's fees expended in preparing for and attending the settlement conference, as well as in preparation of the instant motion, be paid in full jointly and severally by Plaintiffs and their attorneys. For the reasons set forth below, the court finds that Defendant's Motion for Sanctions [91] should be denied.

On September 18, 2008, this court ordered [89] the parties to attend a settlement conference on October 7, 2008 at 9:00 a.m. The parties were further ordered to submit confidential settlement memoranda to the court and to have the client or client representative present at the conference with full settlement authority. Both parties submitted their settlement memoranda to the court in advance of the conference. These memoranda candidly disclosed the parties' views of the case and the prospects for settlement.

At the conference, attended by counsel for both parties, the individual Plaintiffs, and a representative from Chubb Group Insurance Company (Defendant's insurer), Plaintiffs' counsel

reiterated its earlier settlement demand of $1.25 million.[1]  According to Defendant, Plaintiffs never intended to negotiate a settlement in good faith, and that they deliberately wasted the parties and this court's resources by proceeding with the settlement conference when they could have just communicated their position prior to the conference.  Plaintiffs vigorously disagree, arguing that they attended the settlement conference in good faith and in anticipation of a reasonable settlement discussion, and that their position with respect to settlement was disclosed in their settlement memorandum.

Much is made over the existence *vel non* of a worker's compensation lien.  As all parties agree, such liens must be considered in the settlement process.  Prior the settlement conference, there was apparently some miscommunication over the existence and/or amount of such a lien in this matter.  However, at the conference – and as plaintiffs confirm in their response [95] – the lien issue was clarified.

This court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of sanctions is a matter of discretion for the district court.") (citation omitted).  Rule 16(f)(1) provides, *inter alia*, that a court may sanction a party or its attorney who does not participate in good faith in a settlement conference or fails to obey a scheduling or other pretrial order.  The failure of a party to make a "bonafide offer" or to offer "serious money" does not justify the imposition of sanctions. *Guillory v. Domtar Indus.*, 95 F.3d 1320, 1335 n.13 (5th Cir. 1996) (*citing Dawson v. U.S.*, 68 F.3d 886, 897 (5th Cir. 1995)).  Rather, "imposition of

---

[1] Without compromising the plaintiff's ultimate settlement position, the court acknowledges that plaintiffs were prepared to make a modest concession in an effort to settle the matter.  However, the concession contemplated by plaintiffs, when compared to defendant's valuation of the case, made it clear that continued discussions would not be productive.

sanctions for making bad faith settlement offers is within the spirit of Rule 16 only where the court receives information demonstrating that the party attended the conference intending not to reach settlement." *Id.*

The court finds that the conduct at issue does not rise to the level of sanctionable conduct, as the court is unable to conclude - based on the information before it - that Plaintiffs' counsel attended the settlement conference intending not to reach settlement. Unfortunately, the parties are far apart in their views of the value of this case. The settlement conference did little to bridge the gap. However, while that lack of progress is no doubt frustrating to all parties, sanctions are not warranted or appropriate. Accordingly, the motion should be denied.

IT IS, THEREFORE, ORDERED and ADJUDGED that Defendant's Motion for Sanctions [91] is denied.

SO ORDERED this the 23nd day of January, 2009.

s/ Michael T. Parker
United States Magistrate Judge