IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOSEPH R. WALKER and
DONNA WALKER                                                           PLAINTIFFS

v.                                                    CIVIL ACTION # 2:07cv274-KS-MTP

GEORGE KOCH SONS, INC. and
JOHN DOES 1 through 10                                                 DEFENDANTS

### MEMORANDUM ORDER

This cause is before the Court on the motion to strike affirmative defenses and for discovery sanctions [Doc. #110] (December 15, 2008) filed by Plaintiffs Joseph Walker and Donna Walker. Because the motion is not well-taken, the motion should be **denied** and the request by Defendant George Koch Sons, Inc. ("Koch") for attorney's fees [Doc. #117] (January 15, 2009) is **granted**.

### I.

Plaintiff Joseph Walker alleges that he sustained injuries at his place of employment (Howard Industries' Laurel, Mississippi plant) while standing on a ladder manufactured by Koch. Walker alleges that he slipped and fell while exiting a transformer washer, also known as a surface preparation machine ("SPM"). While standing on the top rung of the ladder that provides access to the SPM, Walker slipped and fell. Walker had worked at Howard Industries for a number of years and had used the ladder previously numerous times. The Plaintiffs filed suit against Koch, alleging a number of Mississippi Product Liability Act ("MPLA") claims.

1

**II.**

Because of the wholly meritless nature of the Plaintiffs' 29-page motion, the Court will not recite the Plaintiffs' allegations in detail. The following summary will suffice:

The Plaintiffs contend that Koch failed to comply in good faith with both the rules of discovery and the Plaintiffs' discovery requests. In particular, the Plaintiffs point to Koch's amended discovery responses and Koch's allegedly belated provision of a privilege log. The Plaintiffs contend that "Koch took polar opposite approaches to explaining its [affirmative] defenses" and that "Koch sandbagged in identifying its defensive arguments and contentions until the day of the dispositive motion deadline." Pl.s' Mot. at 6 [Doc. #110].

First, the instant motion – even if it were substantively supported – is untimely. The motion takes issue with a number of discovery practices (some of which pertain to Koch's initial disclosures) even though discovery closed in this case on August 29, 2008, well over three months before the Plaintiffs filed the instant motion. The amendments to discovery responses at issue were provided by Koch to the Plaintiffs on August 13, 2008, approximately four months before Plaintiffs filed the instant motion.[1] Koch produced the privilege log at issue on September 23, 2008, approximately 80 days before the Plaintiffs filed the instant motion. Instead of filing the instant motion before the close of discovery, the Plaintiffs waited to file it on the dispositive motion deadline, hours after Koch had filed its motion for summary judgment. *See* [Docs. #107, #110] (December 15, 2008). Finally, the Plaintiffs knew of the basis for the motion on September 10, 2008, approximately three months before they actually filed the motion. In

---

[1] The Plaintiffs imply that the tardiness of these amendments prejudiced them, even though the amendments were provided more than two weeks before the discovery deadline.

Plaintiffs' response to a previous motion, they petitioned Magistrate Judge Parker to "grant the Plaintiff [sic] the relief of striking the belated . . . Amended Responses to Plaintiffs' Requests for Production of Documents and Interrogatories." [Doc. #86] (September 10, 2008).[2] For these reasons, the Court finds cause to deny the instant motion and grant Koch's request for attorney's fees based solely on the untimeliness of the motion.

Second, the instant motion is also unpersuasive substantively. The Plaintiffs argue that for the merit of their motion to be verifiable, the Court need only "compare Koch's Affirmative Defenses and the information relied upon in support: Koch's Answer, [Doc. #2] (Oct. 30, 2007); Koch's original response to Interrogatory No. 8 [Doc. #110-3] (December 15, 2008); and [Koch's] amended response to Interrogatory No. 8, [110-4]." Pl.'s Mot. at 6. The Court has indeed compared these documents and concludes that the instant motion is completely meritless.

The brunt of the Plaintiffs' motion is that Koch improperly altered, amended, or supplemented its allegations of affirmative defenses. A review of the documents highlighted by the Plaintiffs disproves this allegation.

In Koch's Answer, Koch pled, *inter alia*,[3] [1] comparative negligence, [2] third party negligence, [3] product misuse, [4] product alteration, [5] that the defect was created after leaving Koch's control, and [6] each of the defenses listed in the MPLA (which include assumption of risk and open and obvious danger). [Doc. #2].

In Koch's original response to Interrogatory No. 8, Koch again listed [1] comparative

---

[2] Magistrate Judge Parker did not find there to be any wrongdoing by Koch at that time. *See* [Doc. #89].

[3] Instead of repeating each of the 24 affirmative defenses pled in the Answer, the Court will list only those that are at issue in the pending motion for summary judgment.

negligence, [2] third party negligence, [3] product misuse, [4] product alteration, and [5] that the defect was created after leaving Koch's control. Instead of again alleging the MPLA defenses (such as assumption of risk and the open and obvious), Koch noted that Walker had used "the machine for years without incident or complaint." [Doc. #110-3]. In addition, Koch repeatedly stated that its discovery was ongoing.

Finally, in Koch's amended response to Interrogatory No. 8, Koch again listed [1] comparative negligence, [2] third party negligence, [3] product misuse, [4] product alteration, and [5] that the defect was created after leaving Koch's control. [Doc. #110-4]. In the amended response, Koch again changed the wording slightly, by explicitly listing "open and obvious" and "assumption of appreciated risk" defenses. *Id.* at ¶ 1. Despite the minimally adjusted wording, this was consistent with the content in Koch's Answer and in Koch's original response to Interrogatory No. 8.

As a result, the Court concludes that Koch has done nothing more than add detail to, and change the wording of, its previous representations. To the extent that the Plaintiffs contend that Koch was required to provide its arguments supporting its affirmative defenses during the discovery period, the contention is rejected. As a result, the substance of the Plaintiffs' instant motion is meritless.[4]

---

[4] It should be noted that the Plaintiffs offer a number of arguments that the Court will not expressly address in this Opinion. The Court has reviewed each and found each to be without merit. In the interest of judicial economy, the Court will forego evaluating each in this document. As one example, consider Plaintiffs' argument relating to the belated production of a privilege log. *See* Pl.s' Br. at 26. After noting that Koch *had already produced the privilege log* back on September 23, 2008, Plaintiffs argued:

> [i]f Koch fails and utterly refuses to provide a privilege log . . . it is impossible for the Plaintiffs to challenge the claims of privilege and to know the limits of relevant

Finally, the history of this litigation and the context of the instant motion support the conclusion that the motion is merely the latest in a series of questionable actions taken by Plaintiffs' counsel. Pertinently, Magistrate Judge Parker had to extend discovery in this case, for limited purposes, to ensure that Koch was "not prejudiced by Plaintiffs' conduct." [Doc. #89] (September 18, 2008). The conduct about which Magistrate Judge Parker wrote, was "a flurry of last-minute disclosures made by Plaintiffs just prior to the expiration of the discovery deadline." *Id.* at 1. An excerpt from Magistrate Judge Parker's Opinion is telling:

> Plaintiffs' last-minute disclosures and supplementation, significant changes to prior sworn deposition testimony, and failure to identify privileged materials are troubling. Without more, it is difficult to determine whether [the Plaintiffs'] course of conduct was an improper tactical effort to thwart the discovery process in order to gain an advantage, whether it resulted from mere lapses in attention to the case or otherwise. Nevertheless, the result is an unacceptable combination of increased expense and delay in the resolution of this matter.

*Id.* at 16. In other words, the Plaintiffs and their counsel have established a pattern in this case – so far as the Court can discern – to thwart the letter and spirit of the discovery rules. The instant motion appears to be another instance of the same type of conduct: the motion is untimely, utterly without merit, and arguably indicative of questionable motive. As a result, the Court must deny the motion and grant Koch's request for attorney's fees.

---

> documents in Koch's possession. This issue is only further evidence of Koch's strident approach to discovery and unwillingness to act in good faith. The blanket claims of privilege should be waived and all documents withheld should be produced.

*Id.* at 27. Clearly, the argument is counterfactual: Koch had already produced the privilege log, so any consideration of the consequences of the failure to produce a privilege log would be an academic exercise. Moreover, Plaintiffs can point to no evidence wrongly withheld, but vaguely accuse Koch of surreptitiously withholding documents. Finally, Plaintiffs' argument betrays its own untimeliness; had Plaintiffs cared to object to the privilege log, they should have done so once it was produced in September 2008.

5

## III.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiffs' motion to strike affirmative defenses and for discovery sanctions [Doc. #110] is **denied** and Koch's request for attorney's fees for same [Doc.# 117] is **granted**. Attorneys for the Defendant shall, within ten (10) days file with this Court a statement of fees involved in defending this motion. The attorneys for Plaintiffs shall have five (5) days thereafter to file objections to the fees.

SO ORDERED AND ADJUDGED on this, the 25th day of March, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE